**YUN XIN HUANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General Bureau of Citizenship and Immigration Services Respondent.**

**No. 04–0330–ag.**

United States Court of Appeals, Second Circuit.

Jan. 6, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-mer Attorney General John Ashcroft as a respondent in this case.

Steven Singer, New York, New York, for Petitioner.

Terrell L. Harris, United States Attorney for the Western District of Tennessee, Harriet Miller Halmon, Assistant United States Attorney, Memphis, Tennessee, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Yun Xin Huang, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA does not expressly adopt the IJ's decision, but issues a short decision that agrees with all or most of the IJ's reasoning, it is appropriate to review the decision of the IJ as supplemented by the BIA. *See Yang v. Gonzales,* 431 F.3d 84, (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the IJ's factual findings of fact under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

In this case, substantial evidence supports the IJ's and BIA's adverse credibility determination. The IJ supported this finding with seven examples of major discrepancies in Huang's testimony, none of which Huang adequately explained. Moreover, the BIA specifically adopted several of the IJ's sub-findings supporting the adverse credibility determination. "When a factual challenge pertains to a credibility determination made by an IJ and adopted by the BIA, [this Court affords] 'particular deference' in applying the substantial evidence standard." *Zhou Yun Zhang,* 386 F.3d at 73 (internal citations omitted).

The IJ properly found Huang's claim that his wife was only one week pregnant when her first unauthorized pregnancy was discovered implausible. The IJ and BIA were more concerned about numerous details in Huang's testimony that were missing from his and his wife's affidavits, or contradicted the affidavits outright. As the BIA noted, the accounts in Huang's

and his wife's affidavits imply that Huang's wife never actually went into hiding, yet Huang testified that she went to hide at her mother's house almost immediately after learning of the pregnancy, and only returned home because her son was sick. He also testified that the officials came to his house to ask where his wife was and threaten him. He did not mention any of these details until the IJ interrupted his testimony to ask specific questions, and each time he was asked why the details were missing from his and his wife's affidavits, he said they both forgot to include them.

The impact of omissions and inconsistencies must be measured against the whole record. *Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003). Considering the entire record, the omissions in Huang's and his wife's affidavits cannot be considered "minor and isolated." *See Zhou Yun Zhang*, 386 F.3d at 77. The forced abortion was central to the asylum claim, and therefore the IJ properly drew an adverse inference when Huang gave testimony that differed significantly from the nearly identical affidavits he and his wife submitted. *See id.* Moreover, the IJ was justified in finding Huang's claim that he and his wife both forgot these details implausible. For these same reasons, the IJ also drew an adverse inference from Zhang's failure to mention in his affidavit the attempted IUD insertion in November 1992, and his failure to mention in court that the officials threatened him shortly before the second abortion.

More critically, both the IJ and the BIA were concerned with discrepancies concerning Huang's wife's work status at the time of the third pregnancy. Huang and his wife both wrote that she discovered she was pregnant in April 1993, and immediately stopped working and started hiding. They also wrote that her work unit sus-

pected she was pregnant because she was absent, and sent officials to Huang's house to look for her. In court, however, he testified that she was granted three months' leave from work, and that the officials suspected the pregnancy when she failed to report for her periodic exam in July. When pressured about the discrepancies, Huang said that he "probably remembered it wrong." The IJ and the BIA both found that all these statements could not be reconciled, and it is not for this Court to see if they can be reconciled now. *See Zhou Yun Zhang*, 386 F.3d at 77.

Finally, the IJ and BIA noted that Huang's initial asylum application, which he submitted in 1995, contradicted his later testimony and affidavit even more dramatically. This application lists different dates for the two abortions, and includes the claim that the officials threatened both him and his wife with sterilization. He testified, however, that neither of them was threatened with sterilization. As an explanation, he testified that the secretary at the law firm that submitted his first application was responsible for its content. The IJ declined to credit this explanation, given the good reputation of that firm. Because Huang never tried to disavow his first application, it was proper for the IJ to consider that application part of the record, and to reject his explanation for the inconsistencies. Given the sheer number of inconsistencies on the record, which both the IJ and the BIA emphasized, the adverse credibility determination must be upheld.

■ Huang's subsidiary argument, that the IJ exhibited bias against him and thus violated due process, is without merit. While the IJ made comments that were clearly sarcastic and inappropriate, they were not sufficiently outrageous to amount to a due process violation. Moreover, this alleged hostility appears to be inspired not

by any preconceived bias, but by the very factors that led to the adverse credibility finding.

Substantial evidence also supports the IJ's denial of Huang's CAT claim. Huang contends that the sterilization threat he received was indicative of the kind of treatment he would face in China. This argument overlooks Huang's testimony that he was not, in fact threatened with sterilization, and therefore gives further support to the IJ's finding that he could not meet his burden for CAT relief with his incredible testimony. While an adverse credibility determination is not always fatal to a CAT claim, *see Ramsameachire v. Ashcroft,* 357 F.3d 169, 185 (2d Cir.2004), an IJ may properly deny a CAT claim if he or she finds adverse credibility with respect to facts that form the "only potentially valid basis" for the CAT claim. *See Yang v. U.S. Dept. of Justice,* 426 F.3d 520, 523 (2d Cir.2005). Here, Huang's claim that he would more likely than not be tortured in China rested solely on his claims of forced abortion and/or sterilization, which the IJ properly found incredible. Therefore, the IJ properly denied his CAT claim. *Id.*

For the foregoing reasons, the petition for review is DENIED.